■ WILLIAM J. PALLOT, Appellant, v NELSON PELTZ et al., Respondents. [734 NYS2d 62] —Order, Supreme Court, New York County (Helen Freedman, J.), entered November 2, 2000, which granted the motion of defendants-respondents, members of nominal defendant-respondent Triarc's board of directors, to dismiss plaintiff's shareholder derivative action for failure to state a cause of action, unanimously affirmed, with costs.

This shareholder derivative action involving a Delaware

corporation and governed by Delaware law was properly dismissed since plaintiff failed to plead particularized facts that would, if proved, suffice to raise a reasonable doubt that defendant board members were disinterested and independent, or that their approval of challenged transactions was other than the result of a valid exercise of business judgment, and, accordingly, failed to allege grounds for dispensing with a pre-litigation demand upon the subject corporation's directors as an exercise in futility (*see*, Del Rules of Ch Ct rule 23.1; *White v Panic*, 783 A2d 543 [Del]; *Aronson v Lewis*, 473 A2d 805, 814-815 [Del]). Plaintiff's allegations of self-dealing by a minority of defendant corporation's board were insufficient to shift the burden of proof to the Triarc defendants to demonstrate "utmost good faith" under the entire fairness of the transaction rule noted in *Mills Acquisition Co. v Macmillan, Inc.* (559 A2d 1261, 1280 [Del]). A determination of whether a board is properly disinterested at the time a transaction is voted on turns on whether the majority, not the minority, of the board participating in the vote was disinterested and independent (*see, Brehm v Eisner*, 746 A2d 244, 257 [Del]; *see also, Marx v Akers*, 88 NY2d 189, 200), and plaintiff has failed to allege in any but the most general and conclusory way that the majority of defendant board acted without the requisite independence and disinterestedness when it approved the challenged transactions. Concur—Sullivan, P. J., Rosenberger, Williams, Tom and Friedman, JJ.